UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

ENERGY INTELLIGENCE GROUP, INC. :
                                     :     Civil Action No. 16-cv-857

              Plaintiff,           :

                                       :

                 v.                  :     COMPLAINT FOR COPYRIGHT

                                     :     INFRINGEMENT

SUMITOMO CORPORATION OF         :
AMERICAS,                              :

                                     :     JURY TRIAL DEMANDED

            Defendant.        :

_____:

## COMPLAINT

Plaintiff, Energy Intelligence Group, Inc. ("EIG" or "Plaintiff"), by and through its undersigned counsel, alleges the following as and for its complaint against Defendant, Sumitomo Corporation of Americas ("Defendant"), based on personal knowledge and on information and belief as appropriate:

## INTRODUCTION

1.       Plaintiff brings this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiff's registered copyrights.

## THE PARTIES

2.       EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.       Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 300 Madison Avenue, New York, New York  10017.

## JURISDICTION AND VENUE

4.        This Court has jurisdiction over the subject matter of this dispute pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

5.        This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides in, is registered to do business in, and is doing business in, the State of New York and this District.  Furthermore, upon information and belief, many of the acts of infringement alleged in this Complaint occurred within the Southern District of New York.

6.        Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS

**A.        Plaintiff's Publications**

7.        Plaintiff and its predecessors-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades.  In particular, Plaintiff has published the weekly newsletter *Natural Gas Week* ("NGW") since at least as early as 1985.

8.        The audience for Plaintiff's publications, including NGW, consists of individuals with an interest in the oil and gas industries, including consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others who follow these industries.  A copy of the May 11, 2015 issue of NGW (the "May 11, 2015 NGW Copyrighted Work") is attached hereto as Exhibit A.

9.        Plaintiff's focus is on providing original, high-quality articles and analysis relating to the energy industry.  Plaintiff has invested significant time and resources to develop its publications and services, including NGW.

2

10. Plaintiff's publications do not feature or have any advertisements or sponsors and therefore, Plaintiff is highly dependent on paid subscriptions to sustain its viability.

11. Plaintiff maintains an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

12. The original content and analysis created by Plaintiff and included in NGW and its other original publications are valuable assets. Plaintiff also publishes or co-publishes other original publications in addition to NGW, including, but not limited to:

> Oil Daily
> Petroleum Intelligence Weekly;
> Energy Compass;
> Energy Intelligence Briefing;
> EI Finance;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> NGW's Gas Market Reconnaissance;
> Nefte Compass;
> Oil Market Intelligence;
> Nuclear Intelligence Weekly;
> World Gas Intelligence;
> EI New Energy;
> Petroleum Intelligence Weekly Data Source;
> Oil Market Intelligence Data Source;
> Natural Gas Weekly Data Source;
> World Gas Intelligence Data Source;
> Nefte Compass Data Source; and
> EI New Energy Data Source.

13. Plaintiff has developed an invaluable reputation for its extremely high standards and the reliability of the content of all of its publications, including NGW.

14. In order for third parties to benefit from Plaintiff's analytical and creative content contained in NGW and its other publications, Plaintiff requires interested parties to purchase various subscriptions to receive the valuable information contained therein.

15.       Interested parties have various subscription options depending on their respective

needs.  Subscribers typically obtain NGW and Plaintiff's other publications by e-mail and/or

from Plaintiff's website, which permits password-protected access to current and/or archived

issues, pursuant to a subscription or license agreement.

16.       Interested parties that do not maintain a subscription or license agreement may also

purchase individual articles appearing in NGW and Plaintiff's other publications.  The license

fee per article, per copy, for Plaintiff's publications that are published weekly, such as NGW, is

$24.00.  The license fee for this Pay-Per-Article service is multiplied by the number of copies

required to supply each interested party with an individual copy of the article.

17.       Interested parties that do not maintain a subscription or license agreement may also

purchase individual issues of NGW and others of Plaintiff's publications, as well as archived

issues, from Plaintiff.  The license fee per issue, per copy, for Plaintiff's publications that are

published weekly, such as NGW, is $395.00.  The license fee for this Pay-Per-Issue service is

multiplied by the number of copies required to supply each interested party with an individual

copy of the issue.

**B.       Plaintiff's Copyrights and Notices**

18.       Plaintiff provides copyright notices and warnings on its website, e-mails, articles and

publications, including NGW, so that third parties are aware of Plaintiff's rights in its

publications and works of original authorship (the "Copyright Notice and Warnings").  By way

of example, the Copyright Notice and Warnings are included in EIG's e-mails transmitting the

May 11, 2015 NGW Copyrighted Work to subscribers.  The Copyright Notice and Warnings

typically state:

Copyright (c) 2015 Energy Intelligence Group, Inc.  All rights reserved.

Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

The complete Copyright Notice and Warnings typically included in the emails transmitting the

May 11, 2015 NGW Copyrighted Work to EIG's subscribers is attached hereto as Exhibit B.

19.      As an additional representative example, the Copyright Notice and Warnings that

appeared on the front cover of the May 11, 2015 NGW Copyrighted Work specifically state:

"Copyright © 2015 Energy Intelligence Group.  All rights reserved.  Unauthorized access or

electronic forwarding, even for internal use, is prohibited."  Exhibit A, p. 1.

20.      As a further representative example, the Copyright Notice and Warnings are also

contained in the masthead of the May 11, 2015 NGW Copyrighted Work, and specifically state:

> Copyright © 2015 by Energy Intelligence Group, Inc.… All rights reserved.
> Access, distribution and reproduction are subject to the terms and conditions of
> the subscription agreement and/or license with Energy Intelligence Group.
> Access, distribution, reproduction or electronic forwarding not specifically
> defined and authorized in a valid subscription agreement or license with Energy
> Intelligence is willful copyright infringement.  Additional copies of individual
> articles may be obtained using the pay-per-article feature offered at
> www.energyintel.com.

Exhibit A, p. 19.

21.      Based upon the representative examples of the Copyright Notice and Warnings,

Plaintiff is in compliance with the copyright notice requirements set forth in the Copyright Act,

17 U.S.C. § 401.  Accordingly, Defendant knew or should have known that the May 11, 2015

NGW Copyrighted Work and all other issues of NGW received by Defendant (hereinafter

collectively referred to as the "NGW Copyrighted Works") were protected by U.S. copyright laws.

22.      Having complied with the copyright notice requirements set forth in 17 U.S.C. § 401, Plaintiff consistently provided Defendant with complete and proper notice of Plaintiff's copyright rights in the NGW Copyrighted Works.

23.      Among other copyright registrations, Plaintiff is the owner of the following U.S. Copyright Registrations for the NGW Copyrighted Works, attached hereto as Exhibit C:

- No. TX 6-019-422 for Volume 20 covering 5 works published in August 2004;
- No. TX 6-055-368 for Volume 20 covering 4 works published in September 2004;
- No. TX 6-055-369 for Volume 20 covering 4 works published in October 2004;
- No. TX 6-099-345 for Volume 20 covering 5 works published in November 2004;
- No. TX 6-099-346 for Volume 20 covering 4 works published in December 2004;
- No. TX 6-124-328 for Volume 21 covering 5 works published in January 2005;
- No. TX 6-124-328 for Volume 21 covering 4 works published in February 2005;
- No. TX 6-146-619 for Volume 21 covering 4 works published in March 2005;
- No. TX 6-146-621 for Volume 21 covering 4 works published in April 2005;
- No. TX  6-171-990 for Volume 21 covering 5 works published in May 2005;
- No. TX 6-203-948 for Volume 21 covering 4 works published in June 2005;
- No. TX 6-208-574 for Volume 21 covering 4 works published in July, 2005;
- No. TX 6-224-841 for Volume 21 covering 5 works published in August 2005;
- No. TX 6-227-288 for Volume 21 covering 4 works published in September 2005;
- No. TX 6-210-695 for Volume 21 covering 5 works published in October 2005;
- No. TX 6-253-488 for Volume 21 covering 4 works published in November 2005;
- No. TX 6-340-917 for Volume 21 covering 4 works published in December 2005;
- No. TX 6-300-732 for Volume 22 covering 5 works published in January 2006;
- No. TX 6-704-758 for Volume 22 covering 5 works published in January 2006;
- No. TX 6-310-976 for Volume 22 covering 4 works published in February 2006;
- No. TX 6-313-729 for Volume 22 covering 4 works published in March 2006;
- No. TX 6-346-012 for Volume 22 covering 4 works published in April 2006;
- No. TX 6-425-309 for Volume 22 covering 5 works published in May 2006;
- No. TX 6-397-450 for Volume 22 covering 4 works published in June 2006;
- No. TX 6-481-098 for Volume 22 covering 5 works published in July 2006;
- No. TX 6-431-292 for Volume 22 covering 4 works published in August 2006;
- No. TX 6-461-778 for Volume 22 covering 4 works published in September 2006;
- No. TX 6-462-612 for Volume 22 covering 5 works published in October 2006;
- No. TX 6-481-839 for Volume 22 covering 4 works published in November 2006;
- No. TX 6-508-176 for Volume 22 covering 4 works published in December 2006;
- No. TX 6-506-664 for Volume 23 covering 5 works published in January 2007;

- No. TX 6-543-916 for Volume 23 covering 4 works published in February 2007;
- No. TX 6-549-388 for Volume 23 covering 4 works published in March 2007;
- No. TX 6-575-678 for Volume 23 covering 5 works published in April 2007;
- No. TX 6-611-061 for Volume 23 covering 4 works published in May 2007;
- No. TX 6-626-472 for Volume 23 covering 4 works published in June 2007;
- No. TX 6-626-467 for Volume 23 covering 5 works published in July 2007;
- No. TX 6-628-383 for Volume 23 covering 4 works published in August 2007;
- No. TX 6-628-382 for Volume 23 covering 4 works published in September 2007;
- No. TX 6-628-331 for Volume 23 covering 5 works published in October 2007;
- No. TX 6-678-738 for Volume 23 covering 4 works published in November 2007;
- No. TX 6-663-237 for Volume 23 covering 5 works published in December 2007;
- No. TX 6-647-648 for Volume 24 covering 4 works published in January 2008;
- No. TX 6-666-153 for Volume 24 covering 4 works published in February 2008;
- No. TX 6-666-163 for Volume 24 covering 5 works published in March 2008;
- No. TX 6-677-871 for Volume 24 covering 4 works published in April 2008;
- No. TX 6-677-866 for Volume 24 covering 4 works published in May 2008;
- No. TX 6-648-005 for Volume 24 covering 5 works published in June 2008;
- No. TX 6-648-174 for Volume 24 covering 4 works published in July 2008;
- No. TX 6-679-301 for Volume 24 covering 4 works published in August 2008;
- No. TX 6-678-883 for Volume 24 covering 5 works published in September 2008.
- No. TX 6-682-028 for Volume 24 covering 4 works published in October 2008;
- No. TX 6-682-711 for Volume 24 covering 4 works published in November 2008;
- No. TX 6-682-712 for Volume 24 covering 5 works published in December 2008;
- No. TX 6-684-566 for Volume 25 covering 4 works published in January 2009;
- No. TX 6-769-898 for Volume 25 covering 4 works published in February 2009;
- No. TX 6-688-108 for Volume 25 covering 5 works published in March 2009;
- No. TX 6-688-109 for Volume 25 covering 4 works published in April 2009;
- No. TX 6-701-336 for Volume 25 covering 4 works published in May 2009;
- No. TX 6-701-326 for Volume 25 covering 5 works published in June 2009;
- No. TX 6-684-720 for Volume 25 covering 4 works published in July 2009;
- No. TX 6-684-728 for Volume 25 covering 5 works published in August 2009;
- No. TX 6-769-308 for Volume 25 covering 4 works published in September 2009;
- No. TX 6-769-307 for Volume 25 covering 4 works published in October 2009;
- No. TX 6-778-050 for Volume 25 covering 5 works published in November 2009;
- No. TX 6-778-038 for Volume 25 covering 4 works published in December 2009;
- No. TX 6-716-600 for Volume 26 covering 4 works published in January 2010;
- No. TX 6-716-590 for Volume 26 covering 4 works published in February 2010;
- No. TX 6-781-009 for Volume 26 covering 5 works published in March 2010;
- No. TX 6-776-728 for Volume 26 covering 4 works published in April 2010;
- No. TX 6-716-400 for Volume 26 covering 5 works published in May 2010;
- No. TX 6-608-141 for Volume 26 covering 4 works published in June 2010;
- No. TX 6-778-526 for Volume 26 covering 4 works published in July 2010;
- No. TX 6-716-398 for Volume 26 covering 5 works published in August 2010;
- No. TX 6-777-324 for Volume 26 covering 4 works published in September 2010;

- No. TX 6-718-335 for Volume 26 covering 4 works published in October 2010;
- No. TX 6-782-086 for Volume 26 covering 5 works published in November 2010;
- No. TX 6-782-088 for Volume 26 covering 4 works published in December 2010;
- No. TX 6-782-087 for Volume 27 covering 5 works published in January 2011;
- No. TX 6-782-084 for Volume 27 covering 4 works published in February 2011;
- No. TX 6-781-709 for Volume 27 covering 4 works published in March 2011;
- No. TX 6-781-708 for Volume 27 covering 4 works published in April 2011;
- No. TX 6-782-085 for Volume 27 covering 5 works published in May 2011;
- No. TX 6-782-083 for Volume 27 covering 4 works published in June 2011;
- No. TX 6-782-121 for Volume 27 covering 4 works published in July 2011;
- No. TX 7-548-482 for Volume 27 covering 5 works published in August 2011;
- No. TX 7-548-479 for Volume 27 covering 4 works published in September 2011;
- No. TX 7-548-471 for Volume 27 covering 5 works published in October 2011;
- No. TX 7-548-402 for Volume 27 covering 4 works published in November 2011;
- No. TX 7-548-383 for Volume 27 covering 4 works published in December 2011;
- No. TX 7-548-409 for Volume 28 covering 5 works published in January 2012;
- No. TX 7-548-677 for Volume 28 covering 4 works published in February 2012;
- No. TX 7-548-678 for Volume 28 covering 4 works published in March 2012;
- No. TX 7-548-675 for Volume 28 covering 5 works published in April 2012;
- No. TX 7-548-457 for Volume 28 covering 4 works published in May 2012;
- No. TX 7-547-966 for Volume 28 covering 4 works published in June 2012;
- No. TX 7-547-965 for Volume 28 covering 3 works published in July 2012;
- No. TX 7-664-057 for Volume 28 covering 2 works published in July 2012;
- No. TX 7-615-848 for Volume 28 covering 4 works published in August 2012;
- No. TX 7-614-509 for Volume 28 covering 4 works published in September 2012;
- No. TX0 8-054-500 for Volume 28 covering 5 works published in October 2012;
- No. TX0 8-054-516 for Volume 28 covering 4 works published in November 2012;
- No. TX 7-690-101 for Volume 28 covering 5 works published in December 2012;
- No. TX 7-690-170 for Volume 29 covering 4 works published in January 2013;
- No. TX 7-707-489 for Volume 29 covering 4 works published in February 2013;
- No. TX 7-704-668 for Volume 29 covering 4 works published in March 2013;
- No. TX 7-729-230 for Volume 29 covering 5 works published in April 2013;
- No. TX 7-732-224 for Volume 29 covering 4 works published in May 2013;
- No. TX 7-729-068 for Volume 29 covering 4 works published in June 2013;
- No. TX0 7-759-289 for Volume 29 covering 5 works published in July 2013;
- No. TX0 7-759-092 for Volume 29 covering 4 works published in August 2013;
- No. TX 7-893-687 for Volume 29 covering 5 works published in September 2013;
- No. TX 7-808-532 for Volume 29 covering 4 works published in October 2013;
- No. TX 7-955-200 for Volume 29 covering 4 works published in November 2013;
- No. TX 7-809-217 for Volume 29 covering 5 works published in December 2013;
- No. TX 7-875-065 for Volume 30 covering 4 works published in January 2014;
- No. TX 7-890-593 for Volume 30 covering 4 works published in February 2014;
- No. TX 7-931-297 for Volume 30 covering 5 works published in March 2014;
- No. TX 7-890-783 for Volume 30 covering 4 works published in April 2014;

- No. TX 7-941-627 for Volume 30 covering 4 works published in May 2014;
- No. TX 7-950-876 for Volume 30 covering 5 works published in June 2014;
- No. TX 7-934-488 for Volume 30 covering 4 works published in July 2014;
- No. TX 7-933-036 for Volume 30 covering 4 works published in August 2014;
- No. TX 7-958-666 for Volume 30 covering 5 works published in September 2014;
- No. TX 7-969-658 for Volume 30 covering 4 works published in October 2014;
- No. TX 7-985-943 for Volume 30 covering 4 works published in November 2014;
- No. TX 7-985-796 for Volume 30 covering 5 works published in December 2014;
- No. ----------------- for Volume 31 covering 4 works published in January 2015 (application pending);
- No. ----------------- for Volume 31 covering 4 works published in February 2015 (application pending); and
- No. ----------------- for Volume 31 covering 5 works published in March 2015 (application pending).

**C.**     **Defendant's Subscription History**

24.     Defendant has had a single-copy subscription to NGW since at least as early as June 4, 1992.

25.     Beginning on December 9, 1998, and continuing through May 21, 2015, Defendant requested that Ms. Cynthia Baker be the individual to receive its single-copy subscription to NGW.

26.     Since on or about September 25, 2001, and continuing until May 21, 2015, Defendant elected to receive its single-copy subscription to NGW by email delivery of a PDF attachment, sent to cynthia.baker@sumitomocorp.co.jp.

27.     Upon information and belief, Ms. Baker was employed by Defendant at all times relevant to this action, and is currently a Department Manager in Defendant's Houston, TX office.

28.     On or about May 21, 2015, Defendant elected to change the name and email address of the individual designated to receive Defendant's single-copy subscription to NGW to Ms. Yasuko Williams, at the email address yasuko.williams@sumitomocorp.com.

29.     Upon information and belief, Ms. Williams is currently a sales coordinator in Defendant's Houston, Texas office.

30.     To date, Ms. Williams remains the individual designated to receive Defendant's single-copy subscription to NGW.

31.     Defendant's current single-copy subscription to NGW expires on July 11, 2016.

32.     Since September 25, 2001, Defendant has received one (1) copy of NGW per week by PDF attachment to an email.

33.     Since as early as 1992, Plaintiff has transmitted to Defendant an invoice and subscription agreement on an annual basis for renewal of its single-copy subscription to NGW.

34.     The invoice and subscription agreement in use by Plaintiff for Defendant's single-copy subscription in effect on May 11, 2015 specifically states**:**

> [b]y payment of this invoice and/or use of EIG services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions as shown on the reverse side of this invoice.

35.     The invoice and subscription agreement further states in part:

> All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.

36.     No agreement has ever authorized Defendant to copy, transmit or distribute issues of the NGW Copyrighted Works, including the May 11, 2015 NGW Copyrighted Work, in violation of Plaintiff's registered copyrights.

**D.**     **Defendant's Infringement of Plaintiff's Copyrighted Works**

    **(1)**     **Defendant's Direct Infringement of Plaintiff's Copyright Works**

37.     On May 11, 2015, an employee of Plaintiff who manages Defendant's account had a telephone conversation with Defendant's employee, Ms. Baker, regarding the approaching renewal date for Defendant's single-copy subscription to NGW.

38.     During the May 11, 2015 telephone conversation with Ms. Baker, Plaintiff's employee learned that Ms. Baker forwards the single copy of NGW received under Defendant's single-copy subscription to Ms. Williams.

39.     During a follow-up telephone conversation with Ms. Williams, Plaintiff further learned that Ms. Williams subsequently forwards copies of NGW received under Defendant's single-copy subscription via email to five (5) other individuals employed by Defendant in other of Defendant's offices located in the United States, including New York, as well as Defendant's Japanese-based parent company, Sumitomo Corporation, and Sumitomo Australia Pty. Ltd., an Australian-based subsidiary of Sumitomo Corporation.

40.     Upon information and belief, Ms. Williams forwarded Plaintiff's publication to the following individuals and entities:  Toshikazu Nambu, General Manager for the Americas, President and CEO of Sumitomo Corporation of Americas; Shigeaki Maejima, Director, Sumitomo Australia Pty. Ltd; Shunichi Arai, Representative Director, Assistant to President and CEO, Sumitomo Corporation; Michael Lepine, Manager – Business Development, Sumitomo Corporation of Americas; and Joseph Clardy, an employee of Sumitomo Corporation of Americas.

41.     Upon information and belief, the NGW Copyrighted Works, including the May 11, 2015 NGW Copyrighted Work received by Ms. Baker from Plaintiff, have been forwarded to other employees of Defendant.

42.     Ms. Baker and Ms. Williams' May 11, 2015 telephone conversations with Plaintiff's employee was the first time that Plaintiff learned that Defendant was engaged in unauthorized copying and distribution of the NGW Copyrighted Works and based upon these communications, Plaintiff's employee understood that Defendant's actions were an ongoing practice.

43.     Upon information and belief, based upon the foregoing conversations described in Paragraphs 37 through 39 above, Defendant has been regularly and systematically copying and forwarding the NGW Copyrighted Works and the articles contained therein since at least as early as September 25, 2001.

44.     Upon information and belief, Defendant's email system and servers cannot be accessed by the general public or by Plaintiff.

45.     Upon information and belief, Defendant actively, fraudulently, and willfully concealed its regular and systematic copying and forwarding of the NGW Copyrighted Works and the articles contained therein.

46.     Upon information and belief, Defendant's actions of copying and forwarding the NGW Copyrighted Works constitute willful infringement of Plaintiff's valid and subsisting copyrights in the NGW Copyrighted Works and the articles therein.

**(2)       Defendant's Contributory Infringement of Plaintiff's Copyrighted Works**

47.       As described above, upon information and belief, Defendant forwarded the NGW Copyrighted Works to individuals outside of Defendant's company, namely Sumitomo Australia Pty. Ltd in Australia, and Defendant's parent complaint, Sumitomo Corporation, in Japan.

48.       Upon information and belief, the various individuals and entities listed in Paragraph 40 above accessed and created unauthorized copies of the NGW Copyrighted Works, while actively, fraudulently, and willfully concealing this activity from Plaintiff.

49.       Upon information and belief, Defendant's employees Ms. Baker and Ms. Williams forwarded the NGW Copyrighted Works with knowledge that the individuals to whom they were forwarding Plaintiff's publications would access and create unauthorized copies of the NGW Copyrighted Works.

50.       By forwarding the NGW Copyrighted Works to individuals at Sumitomo Australia Pty. Ltd. in Australia and Sumitomo Corporation in Japan, Defendant knowingly induced, caused or materially contributed to the unauthorized copying of the NGW Copyrighted Works by the individuals located at Sumitomo Australia Pty. Ltd. in Australia and Sumitomo Corporation in Japan.

51.       No agreement between Plaintiff and Defendant authorizes Defendant or any of its employees to copy or to distribute copies of the NGW Copyrighted Works.

52.       Upon information and belief, Defendant's acts of inducing, causing, or materially contributing to the infringement of the NGW Copyrighted Works constitutes willful infringement of Plaintiff's valid and subsisting copyrights.

## COUNT ONE
## (COPYRIGHT INFRINGEMENT)

53.     Plaintiff incorporates the allegations of Paragraphs 1–52 as though fully set forth herein.

54.     Plaintiff was and is the exclusive holder of all rights, title, and interest in the NGW Copyrighted Works and the articles, as separate and distinct works, contained therein and is the owner of valid copyright registrations and/or pending applications for the NGW Copyrighted Works.  *See* Exhibit C.

55.     Each entire publication and the articles contained in the NGW Copyrighted Works are highly original and contain creative expression and independent analysis.  *See* Exhibit A.

56.     The NGW Copyrighted Works and the articles contained therein were made available to and were received by Defendant pursuant to subscription agreements.

57.     Upon information and belief, Defendant has for years willfully copied and distributed copies of the NGW Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiff, all in violation of Plaintiff's copyrights.

58.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiff's publications and the weekly transmittal cover emails, and the language in the subscription agreements, Defendant was on notice and knew or should have known that the NGW Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

59.     Defendant's subscription agreements to the NGW Copyrighted Works prohibit copying and distributing articles and/or issues of NGW, including the May 11, 2015 NGW Copyrighted Work.

60.     Upon information and belief, Defendant willfully infringed the copyrights in the NGW Copyrighted Works and the articles contained therein, by acting with knowledge that its actions constituted infringement, or with reckless disregard that the conduct complained about constitutes infringement.

61.     Defendant's aforesaid acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the NGW Copyrighted Works and the articles contained therein. Defendant's past and continuing copying and forwarding of Plaintiff's NGW Copyrighted Works and the articles contained therein, constitute a willful, deliberate and ongoing infringement of Plaintiff's copyrights and are causing irreparable harm and damage to Plaintiff.

62.     Plaintiff has no adequate remedy at law.

## COUNT TWO
## (CONTRIBUTORY COPYRIGHT INFRINGEMENT – SUMITOMO AUSTRALIA PTY. LTD.)

63.     Plaintiff incorporates the allegations of Paragraphs 1–62 as though fully set forth herein.

64.     Upon information and belief, Defendant has, with knowledge, induced, caused, or materially contributed to the unauthorized copying of the NGW Copyrighted Works and the articles contained therein on a consistent and systematic basis by forwarding the NGW Copyrighted Works received pursuant to Defendant's single-copy subscription to NGW to individuals located at Sumitomo Australia Pty. Ltd. in Australia for the purpose of creating copies of the NGW Copyrighted Works, and concealed these activities from Plaintiff.

65.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiff's publications and the weekly transmittal cover emails, and the language in the subscription agreements, Defendant was on notice and knew or should have known that the

NGW Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

66.      Defendant's subscription agreements to the NGW Copyrighted Works prohibit copying and distributing articles and/or issues of NGW, including the May 11, 2015 NGW Copyrighted Work.

67.      Upon information and belief, Defendant willfully infringed the copyrights in the NGW Copyrighted Works and the articles contained therein, by acting with knowledge that its actions would cause, induce, or materially contribute to the infringement of the NGW Copyrighted Works, including the May 11, 2015 NGW Copyrighted Work, or at least acted with reckless disregard of the possibility that the conduct complained about constituted infringement.

68.      Defendant's aforesaid acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and, upon information and belief, constitute willful contributory infringement of Plaintiff's copyrights in the NGW Copyrighted Works and the articles contained therein.  Defendant's inducement, causation, or material contribution to the past and continuing copying and forwarding of Plaintiff's NGW Copyrighted Works and the articles contained therein, constitute a willful, deliberate and ongoing infringement of Plaintiff's copyrights and are causing irreparable harm and damage to Plaintiff.

69.      Plaintiff has no adequate remedy at law.

## COUNT THREE
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT – SUMITOMO CORPORATION)

70.      Plaintiff incorporates the allegations of Paragraphs 1–69 as though fully set forth herein.

71.      Upon information and belief, Defendant has, with knowledge, induced, caused, or materially contributed to the unauthorized copying of the NGW Copyrighted Works and the

articles contained therein on a consistent and systematic basis by forwarding the NGW

Copyrighted Works received pursuant to Defendant's single-copy subscription to NGW to

individuals located at Sumitomo Corporation in Japan for the purpose of creating copies of the

NGW Copyrighted Works, and concealed these activities from Plaintiff.

72.      Based upon the inclusion of the Copyright Notice and Warnings contained in each of

Plaintiff's publications and the weekly transmittal cover emails, and the language in the

subscription agreements, Defendant was on notice and knew or should have known that the

NGW Copyrighted Works are protected by the copyright laws, and therefore is unable to assert a

defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

73.      Defendant's subscription agreements to the NGW Copyrighted Works prohibit

copying and distributing articles and/or issues of NGW, including the May 11, 2015 NGW

Copyrighted Work.

74.      Upon information and belief, Defendant willfully infringed the copyrights in the

NGW Copyrighted Works and the articles contained therein, by acting with knowledge that its

actions would cause, induce, or materially contribute to the infringement of the NGW

Copyrighted Works, including the May 11, 2015 NGW Copyrighted Work, or at least acted with

reckless disregard of the possibility that the conduct complained about constituted infringement.

75.      Defendant's aforesaid acts violate Plaintiff's exclusive rights under § 106 of the

Copyright Act of 1976, 17 U.S.C. § 106, as amended, and, upon information and belief,

constitute willful contributory infringement of Plaintiff's copyrights in the NGW Copyrighted

Works and the articles contained therein.  Defendant's inducement, causation, or material

contribution to the past and continuing copying and forwarding of Plaintiff's NGW Copyrighted

Works and the articles contained therein, constitute a willful, deliberate and ongoing

infringement of Plaintiff's copyrights and are causing irreparable harm and damage to Plaintiff.

76.      Plaintiff has no adequate remedy at law.

### JURY DEMAND

Plaintiff hereby demands a jury trial.

### PRAYER

WHEREFORE, Plaintiff demands judgment against Defendant on the foregoing

claim as follows:

(1)      That Defendant, its directors, officers, agents, subsidiaries and affiliates and all

persons acting by, through, or in concert with any of them, be permanently enjoined

from infringing any copyrights of Plaintiff in any manner, and from copying,

exhibiting, transmitting, displaying, distributing or preparing derivative works from

any of the copyrighted material in any past, present or future issue of NGW, including

the NGW Copyrighted Works and the articles contained therein;

(2)      That Defendant be required to pay to Plaintiff such actual damages as it has sustained

and/or statutory damages as a result of Defendant's copyright infringement pursuant

to 17 U.S.C. § 504;

(3)      That Defendant be required to account for and disgorge to Plaintiff all gains, profits,

and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)      That Defendant be required to pay Plaintiff an increase in the award of statutory

damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)      That the Court issue an Order requiring Defendant to hold harmless and indemnify

Plaintiff from any claim(s) raised by any third party who allegedly relied upon any of

18

Plaintiff's publications it received as a result of Defendant's unauthorized use of the NGW Copyrighted Works;

(6)     That the Court enter judgment against Defendant in favor of Plaintiff for all claims, including pre-judgment and post-judgment interest, as allowed by law;

(7)     That the Court enter judgment against Defendant finding that its unlawful copying and forwarding of the NGW Copyrighted Works and the articles contained therein is willful and that its unlawful inducement, causation, or material contribution to the unlawful copying of the NGW Copyrighted Works and the articles contained therein is willful;

(8)     That Defendant be ordered to pay Plaintiff's costs in this action along with reasonable attorneys' fees; and

(9)     That Plaintiff be granted such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  February 3, 2016          By:     s/Robert L. Powley/_____
                                          Robert L. Powley (RP7674)
                                          James M. Gibson (JG9234)
                                          Thomas H. Curtin (TC5753)
                                          David A. Jones, Jr. (DJ3831)

                                          POWLEY & GIBSON, P.C.
                                          304 Hudson Street, Suite 202
                                          New York, New York  10013
                                          Telephone: (212) 226-5054
                                          Facsimile: (212) 226-5085
                                          rlpowley@powleygibson.com
                                          jmgibson@powleygibson.com
                                          thcurtin@powleygibson.com
                                          dajones@powleygibson.com
                                          Attorneys for Plaintiff.

19